UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. PAULEY,

       Plaintiff,

Case No. 15-12405

Honorable John Corbett O'Meara

v.

BANK OF AMERICA, N.A.,

       Defendant.

                                           /

## OPINION AND ORDER GRANTING
## DEFENDANT'S SEPTEMBER 2, 2015 MOTION TO DISMISS

This matter came before the court on defendant Bank of America's September 2, 2015 motion to dismiss.  Plaintiff David J. Pauley filed a response September 29, 2015; and Defendant filed a reply October 16, 2015.  Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

## BACKGROUND FACTS

Plaintiff David J. Pauley obtained a $163,600.00 loan from Countrywide Home Loans on August 15, 2003.  As security for the promissory note, Plaintiff granted a mortgage on residential property to Mortgage Electronic Registration Systems ("MERS").  MERS subsequently executed a written assignment of the mortgage to Bank of America on October 17, 2011.

Plaintiff defaulted on his note and mortgage by failing to make the required payments.  He then filed a Chapter 7 Petition and related schedules of assets and liabilities in U.S. Bankruptcy Court on August 17, 2013.  Plaintiff failed to disclose the claims underlying this lawsuit as a potential unliquidated claim on his bankruptcy schedules (Item 21 on Schedule B) and did not amend his schedules as any time.  In addition, Plaintiff filed a statement of intention to surrender the property.   On December 3, 2013, the bankruptcy court entered an order discharging debtor.

Bank of America moved for and was granted relief from the automatic stay in Plaintiff's bankruptcy case and then initiated foreclosure proceedings against Plaintiff. The foreclosure sale took place December 11, 2014. Bank of America was the highest bidder at the sale. On January 6, 2015, the sheriff's deed on the mortgage sale was recorded in the Washtenaw County Register of Deeds.

Plaintiff Pauley's right to redeem the property expired July 6, 2015. However, Plaintiff filed this lawsuit May 20, 2015, alleging the following five causes of action: Count I, wrongful foreclosure; Count II, violations of Real Estate Settlement Procedures Act ("RESPA"); Count III, negligence; Count IV, breach of contract; and Count V, silent fraud. Defendant removed the action to this court based on diversity of citizenship.

## LAW AND ANALYSIS

As a threshold matter, Plaintiff failed to disclose in bankruptcy his claims against Bank of America. Pursuant to 11 U.S.C. § 541, "property of the estate includes the debtor's interest in a cause of action." When a debtor fails to list claims on the bankruptcy petition, the claims remain the property of the bankruptcy estate because the trustee never had the opportunity to abandon them. In re Prochnow, 467 B.R. 656, 664 (C.D. Ill. 2012). Therefore, the Chapter 7 trustee, not the debtor, is the party with standing to pursue these claims.

In this case any claims Pauley may have had against Bank of America are property of the estate and no longer belong to him. Plaintiff Pauley lacks standing to sue. On this basis alone the court will grant defendant Bank of America's motion to dismiss.

In addition, judicial estoppel prevents a party from asserting a position in a later proceeding that is inconsistent with the position he successfully asserted in a prior proceeding. See White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 484 (6th Cir. 2010) (applying judicial estoppel

2

to preclude claim that was not included in bankruptcy petition); Bullard v. Indymac Bank FSB, 2012 WL 4134839 at *6-7 (E.D. Mich. Sept. 18, 2012) (applying judicial estoppel to preclude claim challenging mortgage loan that was not listed in bankruptcy schedules). Because plaintiff Pauley failed to disclose his claims during bankruptcy, he is judicially estopped from pursuing them against Bank of America. If he were not estopped and were allowed to proceed in this matter, Plaintiff would derive an unfair advantage and impose an unfair detriment on his creditors. Plaintiff has already been afforded a discharge of his debts, including any debt owed to Bank of America as a result of the promissory note; yet Plaintiff now seeks a judgment against Bank of America. If he were to succeed on his claims, he would be rewarded for deceiving Bank of America and for misrepresenting his assets to the bankruptcy trustee, his creditors and the bankruptcy court.

Even if Plaintiff had standing and even if his claims were not judicially estopped, the court would grant Defendant's motion to dismiss the five causes of action. Count I asserts a claim for wrongful foreclosure. However, Plaintiff failed to redeem the property before the redemption period expired.[1] After the redemption period ends, former property owners may challenge the validity of a completed foreclosure sale only when they have made a clear showing of fraud or irregularity sufficient to justify setting aside the foreclosure. Bryan v. J.P. Morgan Chase Bank, 304 Mich. App. 708, 714 (2014). Plaintiff Pauley alleges that Bank of America failed to post notice on the property and failed to publish notice of the foreclosure sale for four consecutive weeks in the newspaper. The Sheriff's Deed issued in this case, however, constitutes presumptive evidence of the facts contained therein and establishes compliance with the related statutory requirements. Mich. Comp. Laws Ann.

---

[1] The filing of a lawsuit before the expiration of the redemption period is insufficient to toll the redemption period. See Conlin v. Mortgage Elec. Reg. Sys., Inc., 714 F.3d 355, 360 (6th Cir. 2013).

§ 600.3264. Plaintiff's complaint fails to identify any irregularity in the foreclosure process that prejudiced him from participating in the foreclosure sale or from redeeming the property.

Count II alleges violations of RESPA, including Bank of America's denying Plaintiff a loan modification without providing in writing the specific reasons for the denial. However, an alleged failure to comply with a servicing guide announcement in connection with a loan modification review does not create a private right of action or potential remedy for Plaintiff. See 12 C.F.R. § 1024.41. Furthermore, even if a violation of the regulation is alleged, RESPA does not provide Plaintiff with the principal relief sought--to set aside the foreclosure sale or to grant a loan modification. See 12 U.S.C. § 2605(f).

Count III alleges common law negligence against Defendant for alleged mishandling of Plaintiff's loan modification request. However, under Michigan law a tort claim cannot rest upon the breach of contract obligation. Fultz v. Union-Commerce Assocs., 470 Mich. 460, 466 (2004). In this case Plaintiff cannot assert a claim for negligence because the dispute arises out of contract, specifically the promissory note and mortgage agreement.

Count IV alleges breach of contract. Plaintiff's claim is barred by his own prior, material breach of the contract in defaulting on the mortgage. Count V, alleging silent fraud, will be dismissed for Plaintiff's failure to plead the cause of action with sufficient specificity and also because it is barred by the statute of frauds.

**ORDER**

It is hereby **ORDERED** that defendant Bank of America's September 2, 2015 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara<br>United States District Judge

Date:  January 19, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 19, 2016, using the ECF system.

s/William Barkholz<br>Case Manager